**GOVERNMENT OF the VIRGIN ISLANDS, Appellant,**

v.

**Allen ANDERSON, Appellee.**

**Civ. No. 1977/38.**

District Court, Virgin Islands,
D. St. Croix.

Aug. 11, 1977.

Ive Arlington Swan, Asst. Atty. Gen., Dept. of Law, Charlotte Amalie, St. Thomas, Virgin Islands, for Government of the Virgin Islands, appellant.

Robert Zimmerman, Jr., Christiansted, St. Croix, Virgin Islands, for Allen Anderson, appellee.

## MEMORANDUM OPINION

WARREN H. YOUNG, District Judge.

### I

On April 6, 1974, appellee, Allen Anderson was suspended without pay by Governor Melvin H. Evans from his position as the Assistant Commissioner of the Department of Public Safety, pending an investigation of certain allegations made against him by a Committee of the Tenth Legislature. The suspension letter issued by the Governor provided:

"Because of the serious allegations made against you by the standing committee on Public Safety of the Tenth legislature, it is necessary for me to suspend you from your present position pending investigation and verification of the allegations."

Approximately four months subsequent to the date of suspension, appellee resigned from his official position and thereupon commenced an action against the Government to recover the wages which were withheld during the suspension period. The Territorial Court entered judgment in favor of appellee in the amount of $5,843.75 back wages and $100.00 indemnification for attorney's fees. The lower court based its decision on *Simmonds v. Government Employees Service Commission,* 375 F.Supp. 934 (D.V.I.1974), finding that the terms of the suspension were sufficiently stigmatic to deprive appellee of his "liberty interest" under the due process clause. The court held that the failure of the Government to timely provide appellee with a satisfactory forum and opportunity to clear his name violated procedural due process and as such entitled appellee to recover his salary for the period of the suspension. The Government has appealed therefrom, contending *inter alia* that the suspension deprived appellee of no property interest and that the terms thereof did not sufficiently impugn his reputation to affect his liberty interest, thereby obviating the need to provide appellee with the respective safeguards of procedural due process.

### II

Where a termination or suspension of employment wrongfully infringes upon an individual's property interests, the employee may be entitled to recover damages for wages lost thereby. The employees property interest, however, is a function of an objectively legitimate claim of entitlement to continued employment. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Simmonds v. Government Employees Service Commission,* 375 F.Supp. 934 (D.V.I.1974). Although the constitution affords procedural safeguards and a means of redress with

respect to the wrongful deprivation of said property interest in one's employment, the source of the property right itself stems, not from the constitution, but from the terms and conditions of employ. To maintain a claim for lost wages under the due process clause, an individual must first establish such a property interest in his employment.

 As Assistant Commissioner of Public Safety, appellee was an unclassified government employee, and as such, served in his official capacity at the pleasure and will of his superiors. 3 V.I.C. § 451a(b)(1). Appellee failed at trial to introduce any evidence of extenuating circumstances which warranted imputing to the terms of his employment some semblance of permanence. *See e. g. Simmonds v. Government Employees Service Commission,* 375 F.Supp. at 936; *Perry v. Sinderman,* 408 U.S. 593, 599–603, 92 S.Ct. 2694, 33 L.Ed.2d 576 (1972). Accordingly, the court below correctly held that the terms of appellee's employment accorded him no property interest protected by procedural due process. *Simmonds v. Government Employees Service Commission,* 375 F.Supp. at 937; *Board of Regents v. Roth,* 408 U.S. at 578, 92 S.Ct. 2701; *Bishop v. Wood,* 426 U.S. 341, 346–47, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

 Notwithstanding the absence of a property interest, the Territorial Court found that the terms of the suspension letter infringed upon appellee's "liberty interest", and that the Government's failure to provide a post suspension hearing violated procedural due process. In *Simmonds,* I held that where a dismissal letter contained charges which attacked the employee's character, and where the same were placed on the employee's permanent personnel record thereby stigmatizing the employee and impairing his ability to procure future employment, procedural due process entitled the employee to a post-termination hearing so as to afford him an opportunity to clear his name. 375 F.Supp. at 938; *Board of Regents v. Roth,* 408 U.S. at 573, 92 S.Ct. 2701; *but see Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (dated February

22, 1977). The interest of the employee rests not in continued employment and his right to past lost wages, but rather in his reputation and ability to obtain subsequent employment.

The purpose of the hearing required by *Simmonds* is not to ascertain whether the employee should be reinstated in his former position, but to provide him an opportunity to clear his name and facilitate his re-entry into the employment market. Accordingly, where the Government violates procedural due process by failing to afford the employee with an effective forum, the employee may be entitled to compensatory relief for the damage to his reputation. However to award damages for lost wages for the period of suspension on the ground that appellee's *liberty interest* was violated constitutes a *non sequitur.* 375 F.Supp. at 940. Accordingly, the Territorial Court's award to appellee of lost wages cannot be sustained. The judgment entered below will be vacated and the matter remanded to the Territorial Court for further proceedings consistent with this opinion.

### III

If, on remand, appellee wishes to pursue his procedural due process claim, it will be necessary for him to amend the ad damnum clause of the complaint and to establish, *inter alia,* that his reputation and ability to procure alternative employment was impaired as a result of the Government's failure to provide an appropriate forum. I expressly do not rule on the issue of whether the suspension letter sufficiently stigmatized appellee to constitute an infringement upon his liberty interest. This question should be reconsidered on remand in light of *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (dated February 22, 1977).

Aside from the due process claim, appellee apparently has a claim sounding in contract for lost wages. At trial evidence was introduced by appellee which indicated that his resignation was prompted by an agreement reached with Governor Evans to compensate appellee for wages withheld during

the months of suspension. Upon appellant's objection to the introduction of said evidence, the Territorial Court instructed appellee to formally amend his complaint and to file with the court depositions of certain Government employees who were present when the purported agreement was reached. Apparently appellee opted to forego pursuing this avenue of recovery and the contract claim was never passed upon by the Territorial Court. On remand, the court should provide appellee with the opportunity to press anew his cause of action sounding in contract, and said matter should be fully resolved.

As a final matter, appellee urges this Court to affirm the judgment entered below on the ground that an employee who has been suspended from his employ, subsequently exonerated and eventually forced to resign, is entitled to compensation for wages withheld during the period of suspension. I will refrain from reaching said question for several reasons.

First, it has never been established that appellee was in fact exonerated. Second, the Territorial Court should first be given the opportunity to resolve the entire issue. Finally, appellee has more concrete theories of recovery which can be asserted on remand before the Territorial Court. Appellee has not provided the court with any case law in support of said proposition. A cursory review of the issues involved, although failing to shed any light on the precise question raised by appellee, does indicate that a tangential theory of recovery, sounding in contract, may be relevant. If on remand, it is found that appellee was entitled to a hearing, it is clear that a final disposition as to appellee's employment status would have been rendered soon after the date of his suspension. Accordingly, appellee would have either been reinstated with pay, or free to seek alternative employment. By failing to resolve appellee's status in a timely manner, appellee may have thereby been damaged. Recovery would not be measured by the amount of wages withheld during the entire period of suspension, but rather by the "opportunity lost" from the date on which his employ-ment status should have been resolved to the date on which he ultimately resigned.